**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF** | **CIVIL ACTION** |
| **GINA CHERI TRIAY** | **NO. 23-176-JWD-RLB** |

## NOTICE

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

 In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Signed in Baton Rouge, Louisiana, on September 28, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF                                    CIVIL ACTION

GINA CHERI TRIAY                                   NO. 23-176-JWD-RLB

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

      Before the Court is the Complaint filed Plaintiff, Gina Cheri Triay ("Plaintiff"), who is proceeding *pro se.*

**I.    Background**

      On March 8, 2023, Plaintiff initiated the instant action by filing a form Complaint for *pro se* plaintiffs. (R. Doc. 1). On March 9, 2023, Plaintiff filed an Amended Complaint that is identical to the original. (R. Doc. 2). As a "Statement of Claim," Plaintiff wrote "May of 1970 New Orleans" and "unintentional adhesion contracts [through] force and [coercion]." (R. Doc. 2 at 3). When asked to state the relief that she asks the court to order, Plaintiff responded "my right of subrogation." (R. Doc. 2 at 3). Neither of the complaints name a defendant or make clear Plaintiff's subrogation rights.[1] Nevertheless, Plaintiff asserts that this Court has federal question jurisdiction pursuant to "Public Law Chap 10 48, 48 Stat 112," and "CFR 12 1026.13." (R. Doc. 2 at 2). Plaintiff further asserts that the amount in controversy is $1,000,000. (R. Doc. 2 at 3).

      Plaintiff also filed several miscellaneous documents, which appears to be her attempt to record deeds, stipulations, declarations, fee notices, and affidavits regarding her debts and property, and to claim her political status as an individual sovereign who has renounced her U.S. citizenship.[2]

---

[1] Plaintiff avers that she "intended to open a case that did <u>not</u> require a defendant to be named." (R. Doc. 18 at 1)(emphasis in original).

[2] Plaintiff has filed the following documents: "Subrogation notice/letter to FREEDOM MORTGAGE CORPORATION;" "Subrogation notice/letter to Louis Fitzmorris Tax Accessor St. Tammany Parish;" "Alien

Due to concerns over the sufficiency of the pleadings, as well as no named defendants and no request for service, the Court ordered plaintiff to appear in Court. (R. Doc. 17). Plaintiff failed to appear as ordered. (R. Doc. 19).

## II.    Law and Analysis

"[D]istrict courts have the inherent authority to screen a pleading for frivolousness and may dismiss *sua sponte* claims that are 'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion' because such claims lack the 'legal plausibility necessary to invoke federal subject matter jurisdiction.'" *Apple v. Glenn,* 183 F.3d 477, 79-80 (6th Cir. 1999) (citing *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974)). This inherent power applies even when the plaintiff is not incarcerated and/or has paid a filing fee. *See Doe v. City of Baton Rouge*, No. 20-514, 2021 WL 304392, at *2 (M.D. La. Jan. 29, 2021) ("[R]egardless of whether Plaintiff were to pay the filing fee, this Court has the inherent power to screen a pleading for frivolousness."). The Fifth Circuit has recently affirmed that "[s]ome claims are 'so insubstantial, implausible…or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana,* 943 F.3d 1004, 1006 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. State v. Oneida County, New York,* 414 U.S. 661, 666 (1974)).

A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusions.'" *Denton v. Hernandez,*

---

Declarant Repatriation Oath of Allegiance;" "Fee Schedule for trespass, rights violations, orders, acts under duress, linguistic trickery, and/or coercion;" "Affidavit of limited and durable power of attorney;" "Existence of irrevocable express trust titled Chucky Trust;" "existence of foreign private irrevocable express trust titled Mowgli Trust;" "existence of  irrevocable express trust titled Fairy Trust;" "Private equitable rights on assessment number 128-123-0263;" "Statement of claim and privilege-individual on assessment number 128-123-0263;" "Statement of claim and privilege-individual on 1833 Admiral Nelson Dr. Slidell. Louisiana 70461;" "Acknowledgment/Acceptance of Deed on assessment number 18-123-0263;" "Certificate of Acceptance of Declaration of Land Patent;" "Decree of Name Change;" "Equitable Interest in Body;" "Claim of right notice from mom and dad of Gina Triay;" "Acceptance of Birth Certificate and Certificate of Live Birth;" and "Subrogation notice to KAREN G. ST. GERMAIN COMMISSIONER, CUSTODIAN OF RECORDS DMV, Subrogation notice to DR. KILOL KUAKAZI COMMISSIONER OF SOCIAL SECURITY, Subrogation notice to DEVIN GEORGE REGISTRAR LOUISIANA, Subrogation notice to KYLE ARDOIN SECRETARY OF STATE LOUISIANA, and Subrogation notice to ANTHONY BLINKEN SECRETARY OF STATE UNITED STATES."

50 U.S. 25, 33 (1992) (citing *Neitzke v. Williams,* 490 U.S. 319, 325) (1989)). A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998); *El-Bey v. Hagerman,* No. 19-1037, 2020 WL 1236541, at *2 (N.D. Tex. March 13, 2020) (holding that "[a] complaint is frivolous when it lacks an arguable basis either in law or in fact."). (internal quotations omitted).

A court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins,* 999 F.2d 99, 100 (5h Cir. 1993). Nevertheless, "a *pro se* litigant is not exempt…from compliance with relevant rules of procedure and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley,* No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008). As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson,* 999 F.2d at 100 (citation omitted).

Additionally, "[a] liberal reading of plaintiff's pleading is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd.,* No. 14-313, 2015 WL 2451998, at *1 (M.D. L. May 21. 2015)(citations omitted). A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Id.* Finally, a *pro se* litigant "is not entitled to greater rights than would be a litigant represented by a lawyer." *NCO Find. Systems,* 2008 WL 22277843, at *3 (citations omitted).

## A.    Plaintiff's attempt to renounce citizenship has no legal effect

To start, Plaintiff's complaints are largely incomprehensible. Plaintiff does not set forth any logical set of facts from which the Court can ascertain the factual or legal basis for any cause of action.

Nevertheless, Plaintiff seemingly attempts to renounce her United States Citizenship. Particularly, Plaintiff filed an "Alien Declarant Repatriation Oath of Allegiance," which provides,

in pertinent part, that Plaintiff is "a Native born free individual of the greater United States of America yet classified as an Alien…praying to be Repatriated, as an American Republic Free Citizen." (R. Doc. 5 at 2). Additionally, Plaintiff "by her Oath has declared and renounced forever all allegiances and fidelity to any…state or sovereignty…the Foreign Copyrighted UNITED STATES and STATE OF corporations." (R. Doc. 5 at 2).

The record, however, does not reflect that Plaintiff has complied with the terms 8 U.S.C. § 1481(a), which allows a United States citizen to voluntarily renounce her citizenship. Moreover, 8 U.S.C. § 1483(a), provides that, "[e]xcept as provided in paragraphs (6) and (7) of section 1481(a) ... no national of the United States can lose United States nationality ... while within the United States...."

Plaintiff does not allege that she is no longer within the United States. Conversely, Plaintiff's Amended Complaint lists her address as 1833 Admiral Nelson Dr. Slidell, Louisiana 70461, and Plaintiff's "Declaration of Status" provides that her "special, private, and confidential location" of living is in "the Parish of St. [T]ammany." (R. Doc. 5 at 9).

Additionally, Plaintiff does not show that she meets the exceptions of paragraphs (6)— which applies only when the United States is in a state of war and when the Attorney General has approved such renunciation upon a determination that the renunciation is not contrary to the interests of national defense. 8 U.S.C. § 1481(a)(6). Nor does she meet the requirements of paragraph (7), which requires an act of treason, an attempt to overthrow the United States government, or the bearing of arms against the United States. 8 U.S.C. § 1481(a)(7).

Accordingly, Plaintiff's "Alien Declarant Repatriation Oath of Allegiance" has no legal effect, and Plaintiff remains a citizen of the United States and of the State of Louisiana.

**B.    Plaintiff's sovereign citizen arguments are meritless**

Relatedly, Plaintiff's filings bear the hallmarks of the "sovereign citizen theory." The Fifth Circuit describes sovereign citizens as "a loose grouping of litigants, commentators, and tax protestors who often take the position that they are not subject to state or federal statutes and proceedings." *United States v. Weast,* 811 F.3d 743, 746 n.5 (5th Cir. 2016).

Here, Plaintiff filed an "Alien Declarant Repatriation," wherein Plaintiff declares to be a "Pre 1933 Private American National Citizen of the United States." (R. Doc. 5 at 3). In her notices, Plaintiff assets that she is "a private woman, a non-taxpayer, an American National, NOT an 'ENEMY OF THE STATE' as per Title 50 of the US CODE, TRADING WITH THE ENEMY ACT." (*See e.g.,* R. Doc. 3 at 1; R. Doc. 4 at 1; R. Doc. 5 at 1; R. Doc.  6 at 1) (emphasis in original). She further contends that she now resides "**without the military jurisdiction** of the 'United States' as defined by the 'Trading with the Enemy Act.'" (R. Doc. 5 at 8) (emphasis in original).

Plaintiff attempts to use the "sovereign citizen theory" to evade payment of property taxes and other debts, as well as to establish that no creditor has ownership interest in her property under state or federal law.

For example, Plaintiff filed "Subrogation letter/notice[s]" to Freedom Mortgage Corporation and Louis Fitzmorris, the tax accessor of St. Tammany Parish. (R. Doc. 3; R. Doc. 4). Attached to these notices are Plaintiff's mortgage bill and a 2022 delinquent tax notice, respectively. Additionally, each letter contains verbatim language in which Plaintiff states that she as "[s]urety" is "not a volunteer to all accounts…pertaining to" her social security number," because she is "excluded" from "[s]tatutes, codes, regulations," and the "Emergency Banking Relief Act of 1933." (R. Doc. 4 at 2). Accordingly, "any claim, citation, infraction, assessment, charge, levy, lien or encumbrance" brought against her property are subject to "the protections

and security of private civilian due process law." (R. Doc. 3 at 2) Further, any "military or municipal jurisdiction proceedings" brought against Plaintiff are to "be void[ed] and abated." (R. Doc. 3 at 2).

Sovereign citizen arguments have been overwhelmingly rejected for years as frivolous and "indisputably meritless." *See Gauthier v. Kirkpatrick*, 2013 WL 6407716, at *17 n.18 (D. Vt. Dec. 9, 2013) (noting courts have described sovereign citizen ideology as "completely without merit," "patently frivolous," and "having no conceivable validity in American law") (citations omitted)); *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Linge v. State of Georgia Inc*., 569 F. App'x 895, 896 (11th Cir. 2014) (rejecting such theories as "wholly unsubstantial and frivolous"); *Roach v. Arrisi*, No. 15-2547, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of ... the court's time, which is being paid for by hard-earned tax dollars") (citation omitted); *United States v. Alexio*, No. 13-1018, 2015 WL 4069160 at *3 (D. Hawaii 2015)). Consequently, courts routinely dismiss sovereign citizen claims—like those that appear to be contained in Plaintiff's Complaint, acts, notices, affidavits, and stipulations—as frivolous and without merit.

**C.     Leave to amend is not warranted and dismissal with prejudice is appropriate**

The Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Therefore, courts typically allow *pro se* plaintiffs leave to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch,*

*Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004). Where, however, a claim is frivolous or the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed. *See Jones,* at 327.

Additionally, a plaintiff should not be granted leave to amend "where a proposed amendment would be a futile act." *SB Int'l, Inc. v. Jindal*, Civ. A. No. 3:06-CV-1174-G, 2007 WL 2410007, at *3 (N.D. Tex. Aug. 23, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court."

Here, Plaintiff has presented her best case. Particularly, Plaintiff has filed various documents, including affidavits and oaths, to support her "cause of action." These documents, however, fail to state a claim for non-frivolous relief. In addition, Plaintiff was ordered to appear in Court to discuss her allegations and the sufficiency of her pleadings. Plaintiff failed to appear as ordered. Therefore, it is a proper exercise of discretion to deny Plaintiff another chance to amend her pleadings.

## III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous.

Signed in Baton Rouge, Louisiana, on September 28, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**